SURPLUS FUNDS — LIMITATION ON USE OF Surplus funds of a prior fiscal year cannot be used to extinguish obligations of such prior year during the subsequent year, where warrants were not legally issuable in the prior year. Further, any liability for transfer payments would not accrue past the year in which the liability arose. The Attorney General has considered your letter dated February 8, 1971, wherein you ask the following questions: 1. "If a school district from which students transfer to another school district fails to include in its annual estimate for tax levying purposes an amount necessary to pay such transfer fees as may be required because of such transfers, and the school district from which the students were transferred completes its fiscal year with a surplus of funds available, does the availability of such surplus funds obligate the school district to pay such transfer fees even though it failed to include in its annual estimate the amount for transfer funds? 2. "If your answer to the first question is in the negative, does the liability for transfer payments accrue only after the second year in which students are transferred to another school district? 3. "If your answer to either the first or second question is in the affirmative, may the school district legally pay such transfer fees which were obligated for the prior fiscal year from the current fiscal year?" Title 70 O.S. 8-1 [70-8-1] (1970), provides as follows: "Any child residing in a school district maintaining a school or schools within the district in the State of Oklahoma that does not offer the grade which such child is entitled to pursue shall be entitled to be transferred to a school district which offers the grade which he is entitled to pursue, and to have appropriated and expended, from the funds of the district in which he resides, or from funds provided by the Legislature for the support and maintenance of the public schools, the per capita cost for the previous year of the district to which he is transferred. Such appropriation and expenditure shall be made and paid to the district to which such child is transferred, as hereinafter provided, but no transfer fees shall be paid to any district by the State if such district qualifies for more than Twenty-five Dollars ($25.00) Foundation Program Aid per child." (Emphasis added) Title 68 O.S. 2498 [68-2498] (1970), provides as follows: "If and when an actual cash surplus shall accrue in any fund for any prior fiscal year, such surplus shall forthwith be transferred to the same fund for the fiscal year next succeeding the year for which the taxes were originally levied, and shall be used to pay any warrants and interest thereon which may be outstanding and unpaid for such year. . . ." (emphasis added) "Such year" as used above refers to the prior fiscal year. Section 2498 further defines "actual cash surplus" as "in excess of actual cash actually on hand over and above all legal obligations." "Legal obligations" means only obligations arising from transactions fully completed during the current fiscal year and for which warrants are legally issuable before the close of that year, Standish Pipe Line Co. v. Oklahoma County Excise Board,193 Okl. 130, 141 P.2d 281 (1943). Title 62 O.S. 474 [62-474] (1961), provides in part that: "Each and every warrant or certificate of indebtedness must be drawn against a specific appropriation or specific amount authorized by a bond issue for such purpose. . . ." Therefore, because the transfer fee amount was not so appropriated for the school year 1969-1970, a warrant thereupon cannot legally be issued, thereby prohibiting the use of any and all available surplus finds to extinguish any alleged obligations for a prior fiscal year. Further, any money not so used to extinguish legally issuable warrants from the prior fiscal year, pursuant to the provisions of Section 2498, must be transferred to an identical fund in the succeeding year and become a part and portion thereof. General find money of specific fiscal years cannot be used for the payment of obligations of the prior fiscal year, St. Louis-San Francisco Ry. Co., v. Choctaw County Excise Board, 48 P.2d 312 (Okl. 1935). It is, therefore, the opinion of the Attorney General that Question 1 be answered in the negative. Surplus funds of a prior fiscal year cannot be used to extinguish obligations of such prior year during the subsequent year, where warrants were not legally issuable in the prior year. Further, it is the opinion of the Attorney General that Question 2 be answered in the negative. Any liability for transfer payments would not accrue past the year in which the liability arose. As both Questions 1 and 2 are answered in the negative, Question 3 need not be answered. (Larry L. French)